THE HONORABLE RONALD B. LEIGHTON

07-CV-05089-CNST

FILED _____ LODGED
_____ RECEIVED
NOV - 9 2007
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
at TACOMA

GIFFORD PINCHOT TASK FORCE, a non-profit corporation,

Plaintiff,

v.

MARBLE CREEK, LLC, a Washington limited liability corporation; DAVE CREAGAN, an individual; JERRY SAUER, an individual; and BRAD THOMAS, an individual,

Defendants.

Case No. 07-5089 (RBL)

CONSENT DECREE

WHEREAS on December 6, 2006, Plaintiff Gifford Pinchot Task Force ("GPTF") provided Defendants Dave Creagan, Brad Thomas, Jerry Sauer, and Marble Creek, LLC with notice of GPTF's intent to file suit (the "Notice Letter") pursuant to the Clean Water Act, 33 U.S.C. § 1365(b), regarding ongoing construction and development activities located in the Swift Reservoir area at the real property described in Exhibit A (the "Properties") and owned by Defendants Creagan, Thomas and Sauer (the "Individual Defendants").

WHEREAS, GPTF filed a Complaint for Declaratory and Injunctive Relief and Civil Penalties on February 23, 2007, and a First Amended Complaint for Declaratory and Injunctive Relief and Civil Penalties ("First Amended Complaint") on March 15, 2007,

CONSENT DECREE: Case No. 07-5089 (RBL) - 1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
503.222.9981

PDX/116184/152089/LLM/1564743.1

1  against Defendants alleging violations of the Clean Water Act, 33 U.S.C. §1251 et seq.
2  related to discharges of stormwater and/or pollutants from the Properties, seeking declaratory
3  and injunctive relief, civil penalties, and attorney fees and costs; and

4      WHEREAS, Defendants deny Plaintiff's claims and any liability for the alleged
5  violations; and

6      WHEREAS, counsel for the parties to this action have engaged in discussions
7  relating to the potential settlement of this litigation, which discussions have included an
8  assessment of the facts surrounding the alleged violations; and

9      WHEREAS, Defendants have undertaken and are implementing measures to comply
10 with the Clean Water Act at the Properties; and

11     WHEREAS, Plaintiff and Defendants agree that settlement of these matters is in the
12 best interest of the parties and the public, and that entry of this Consent Decree (the
13 "Decree") without additional litigation is the most appropriate means of resolving these
14 actions; and

15     WHEREAS, Plaintiff and Defendants, by their authorized counsel and without trial or
16 final adjudication of the issues of fact or law, with respect to Plaintiff's claims or allegations,
17 consent to entry of this decree to avoid the risks of litigation and to resolve the controversy
18 between them.

19     NOW THEREFORE, without trial of any issue of fact or law, and without admission
20 by Defendants of the facts or violations alleged in the First Amended Complaint, and upon
21 consent of the parties, and upon consideration of the mutual promises contained in this
22 decree, it is hereby

23     ORDERED, ADJUDGED AND DECREED as follows:

24     1.    This Court has jurisdiction over the parties and subject matter of the action;

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
503.222.9981

PDX/116184/152089/LLM/1564743.1

2.     Each undersigned representative for the parties certifies that he or she is fully authorized by the party represented to enter into the terms and conditions of this Decree and to legally bind the parties.

3.     This Decree shall apply to and be binding upon the parties and upon the parties' successors or assigns, provided, however, that this Decree shall not be binding on any person who purchases all or a portion of the Properties from the Individual Defendants.

4.     This Decree constitutes a full and complete settlement of the claims alleged in the First Amended Complaint in this case and all other claims, known and unknown, that relate to the Properties and could be asserted under the Clean Water Act pursuant to the Notice Letter and up through and until entry of this Consent Decree. Plaintiff reserves its rights with respect to all violations of the Clean Water Act occurring at or related to the Properties after the date of entry of this Consent Decree.

5.     This Decree shall not constitute evidence in any proceeding, an admission or adjudication with respect to any allegation of the First Amended Complaint, any fact or conclusion of law with respect to any matter alleged in or arising from the First Amended Complaint, or the admissions or evidence of any wrongdoing or misconduct on the part of the Defendants or their successors.

6.     In full and complete satisfaction of the claims covered by the First Amended Complaint filed in this case and all other claims covered by this Decree, as described in Paragraph 4, Defendants agree to abide by and be jointly and severally subject to the following terms and conditions:

    a.     Defendants shall obtain a National Pollutant Discharge Elimination System ("NPDES") permit from Washington Department of Ecology ("Ecology") for discharge of stormwater from the Properties. The permit shall cover all of the real property described in Exhibit A.

CONSENT DECREE: Case No. 07-5089 (RBL) - 3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
503.222.9981

PDX/116184/152089/LLM/1564743.1

  b. Defendants shall comply fully with all terms and conditions of the NPDES permit once they obtain permit coverage from Ecology.

  c. Defendants' activities at the Properties shall comply with the Clean Water Act.

  d. Defendants have initiated the process of obtaining permit coverage from Ecology by filing a Notice of Intent ("NOI") for coverage under the general stormwater permit for construction activities. Defendants shall not withdraw the NOI for any reason. Defendants agree that any revised NOI shall include the Properties and construction activities contemplated in the existing NOI. Defendants shall transfer the NPDES permit to individuals who purchase the Properties or portions of the Properties from the Defendants at the time of sale, or at the time the permit is issued by Ecology if the permit is not issued prior to such sale.

  e. Defendants will implement and comply with the Stormwater Pollution Prevention Plan ("SWPPP") for the "Wapiti Way Private Road", most recently revised in June 2007 in response to comments from Ecology.

  f. Within sixty days of the entry of this Consent Decree, Defendants shall make a payment of $50,000 to the Wild Fish Conservancy (formerly Washington Trout) for a road decommissioning project. Plaintiff selected road decommissioning as a project that would enhance fish habitat by reducing road density and the associated sedimentation and impacts to water quality and aquatic habitat in the Lewis River Watershed. The road to be decommissioned shall be selected by the Wild Fish Conservancy, provided, however, that the decommissioning area shall not affect access to the Properties. The payment to Wild Fish Conservancy shall be made by check payable and mailed to P.O. Box 402; Duvall, Washington; 98019.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
503.222.9981

PDX/116184/152089/LLM/1564743.1

  g. Within five days of the entry of this Consent Decree, Defendants shall pay Plaintiff's reasonable attorney fees and costs in the amount of $30,000 by check payable and mailed to Plaintiff's counsel as set forth in Paragraph 13 of this Consent Decree in full and complete satisfaction of Plaintiff's claim for attorneys fees and costs under the Clean Water Act.

7. Plaintiff agrees that it will not interfere with Defendants' efforts to obtain the permit described in paragraph 6(a). Defendants acknowledge that Plaintiff has submitted comments to Ecology regarding the NOI, and this paragraph is not intended to preclude GPTF from taking steps to ensure that any permit issued by Ecology complies with applicable state and federal laws and regulations.

8. The Court shall retain jurisdiction over this matter and allow this case to be reopened without an additional filing fee for the purpose of enabling the parties to this Decree to apply to the Court for any further Order that may be necessary to construe, carry out, enforce compliance or resolve any dispute regarding the terms or conditions of this Decree. In the event Plaintiff believes Defendants are not in compliance with this Decree, Plaintiff shall provide written notice to Defendants describing the asserted noncompliance. Defendants shall thereafter have 30 days to respond in writing describing any corrective action that has or will be taken or contesting the asserted violation. If after Defendants' response the parties remain in dispute regarding implementation of or compliance with this Decree, the parties shall first attempt to informally resolve the dispute through meetings between the parties, which shall take place within 14 days after Defendants' written response. If no resolution is reached through informal meetings, the parties may resolve the dispute by filing motions with the Court.

9. The parties recognize that no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the

CONSENT DECREE: Case No. 07-5089 (RBL) - 5

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
503.222.9981

PDX/116184/152089/LLM/1564743.1

1 Administrator of the U.S. EPA pursuant to 33 U.S.C. §1365(c)(3). Upon signing of this
2 Consent Decree by the parties, Plaintiff shall serve copies of it upon the Administrator of the
3 U.S. EPA and the U.S. Attorney General.

4   10.   This Consent Decree shall take effect on the date it is entered by the Court.
5 This Consent Decree shall terminate upon completion of all obligations under it, or in the
6 event the Individual Defendants sell all Real Property that is the subject of this suit.

7   11.   This Consent Decree may be modified only upon the written consent of the
8 parties and the approval of the Court.

9   12.   If for any reason the Court should decline to approve this Decree in the form
10 presented, this Decree and the settlement contained within shall be voidable at the sole
11 discretion of either party. The parties agree to continue negotiations in good faith in an
12 attempt to cure any objection raised by the Court to entry of this Decree.

13   13.   Notifications or copies required by this Decree shall be made to:

14  For Plaintiff:
    Christopher Winter
15  Crag Law Center
    917 SW Oak St., Suite 417
16  Portland, OR 97205

17  For Defendants:
    Jerry Sauer
18  26300 NE 16th St.
    Camas, WA 98607
19

20  14.   The parties agree that any initial press release distributed within the first 14
21 days following filing of this Consent Decree with the Court, disclosing or discussing the
22 nature of this Consent Decree or the settlement contained within, shall be made jointly after
23 each party has the opportunity to review and comment on any such press release.

24  \ \ \
25  \ \ \
26  \ \ \

CONSENT DECREE: Case No. 07-5089 (RBL) - 6

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
503.222.9981

PDX/116184/152089/LLM/1564743.1

Dated and entered this 9th day of November, 2007.

By: _____
RONALD B. LEIGHTON
U.S. DISTRICT JUDGE

GIFFORD PINCHOT TASK FORCE
Signature: _____ Emily Platt
Title: Executive Director
Date: 8-23-07

MARBLE CREEK, LLC
Signature: _____ member
Title: Member
Date: 8-14-07

DAVE CREAGAN
Signature: _____ member
Date: 8-14-07

BRAD THOMAS
Signature: _____ member
Date: 8-14-07

JERRY SAUER
Signature: _____ Member
Date: 8/10/2007

CONSENT DECREE: Case No. 07-5089 (RBL) - 7

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
503.222.9981